MOODY CUMMINGS *v.* SAMUEL MILLS, *impleaded with* GEORGE E. MILLS.

A communion of loss as well as of profits is essential to the existence of a co-partnership, and in a case where two parties were to share equally in the profits of an enterprise, but the expenses were to be borne wholly by one, and there could, in no event, be any risk of loss on the part of the other,— *Held,* that they were not partners *inter se.*

APPEAL by the plaintiff from a judgment of the Special Term, dismissing the complaint.

The defendants were the inventors of an improvement in machines for pulverizing quartz, for which they had obtained a patent. They sold to the plaintiff one-fourth of their interest in the patent right, and an agreement in the name of the three was entered into, which was signed by the plaintiff and Samuel Mills only, and which recited that it was mutually agreed that they should build one machine or more for the purpose of working the same or for sale; that the plaintiff was to furnish the money for building it, which was not to exceed the sum of one thousand dollars; that the money so advanced was to be repaid to him, and the balance of the receipts for the working or sale of the machine was to be divided, three-fourths to the defendants, and one-fourth to the plaintiff; all profits or

receipts for machines to be manufactured, or for the sale of rights under the patent, or renewal of it, or patents to be taken out, were to be divided in the same manner. Neither party was to contract any debt whereby the other should be bound, except with the personal assent of the party to be bound, and in case of the sale or renewal of the patent, or of the taking out of another patent, each party was to have the refusal to purchase the same at the rate *bona fide* offered to another, and to have three days to make his election.

The action was brought by the plaintiff to recover the amount of his advances to the defendants under the agreement, and also to recover damages for the conversion of the machine.

On the close of the plaintiff's case, the defendants' counsel moved to dismiss the complaint, upon the ground that the plaintiff and defendant Mills were co-partners, and a partner could not sue his co-partner for damages, for the fraudulent removal of the firm property.

The judge granted the motion, and ordered the complaint as to Samuel Mills to be dismissed. The plaintiff appealed to the General Term.

*John A. Godfrey*, and *B. W. Huntington*, for appellant.
*Lucius Pitkin*, for respondent.

By THE COURT.—DALY, F. J.—There was nothing in the agreement between the parties to this suit creating a co-partnership. To constitute a partnership *inter se*, there must be an agreement to share in the losses as well as in the profits, and there is nothing upon the face of this agreement from which it can be implied that the defendants were to bear any losses. The plaintiff was to pay for the building of the machine, for which he was to be repaid from the receipts derived by the working or sale of it. If nothing were derived, he had to bear the loss incurred by this outlay, for there is nothing in the agreement showing that the defendants were to share the loss with him, or bear any part of it. It was an agreement by which he undertook to pay all the expenses of building a machine, the earnings of which were to be proportionably divided between the three, after he was repaid the amount he had advanced: and this will not constitute a partnership (*Pattison v.*

Cummings v. Mills.

*Blanchard*, 1 Seld., 190; *Rice* v. *Austin*, 17 Mass. R., 206; *Champion* v. *Bostwick*, 18 Wend., 183, 184; *Green* v. *Beesley*, 2 Bing. N. C., 108; 3d Kent's Com., 24; Collyer on Part., 9).

That no partnership was created is conclusively shown by what was done under the agreement. The machine was built at the expense of four hundred and eight dollars and twenty-six cents. The defendants worked upon it, and the plaintiff paid each of them for their labor. He paid three hundred and fifty-eight dollars and twenty-six cents, being the entire cost of the labor and materials; to which were added fifty dollars for the use of his horses and wagons, and his own services, making altogether the above sum of four hundred and eighty-six dollars and twenty-six cents. The machine was then placed upon exhibition in a room on Broadway, the rent of which, forty-five dollars, the plaintiff also paid, and whilst there it was removed by the defendants, who sold it for four hundred and fifty dollars, with the understanding that that amount was to be equally divided between the two; but Samuel Mills, by whom it was sold, paid his brother George but one hundred dollars of the amount and kept the residue. George Mills, it would seem, sued his brother for his part of the machine, and then went to the plaintiff, and asked him to sue Samuel for using the patent. The plaintiff asked him " what machine he was talking about?" he answered, " that machine of mine;" upon which the plaintiff said: " How came you to have anything to do with it. I paid every cent, I paid your last money, and you said I owned everything there was about it;" to which the other replied: " They all went in to rob you, and I thought I should do so too."

The plaintiff brought this action to recover damages for the breach of the agreement. A motion was made to dismiss the complaint upon the ground that the plaintiff and defendants were co-partners, and the plaintiff's only remedy was by a suit in equity, which motion was granted.

If the agreement had been that the defendants were to be paid for their labor in building the machine, out of the proceeds derived from the sale or the working of it, then there would have been a communion of loss as well as of profit; as in the event of the failure of the adventure, they would have had nothing for their labor. But, on the contrary, the plaintiff, in

accordance with the terms of the agreement, paid each of them for their labor the same as if they were strangers; so that in no event could there be any risk of loss on their part. Nor could any liability arise by which any one would be subject to loss by the act of the others, as, by the terms of the agreement, no one could contract any debt by which the other could be bound, except with the personal assent of the party to be bound. It was, therefore, simply an agreement for a division of profits in the event of success, and that would not make them partners *inter se.* The action was properly brought to recover damages for the breach of the agreement, and the plaintiff is entitled to a new trial.